Wallace *v.* The State.

WILLIAM WALLACE *v.* THE STATE.

1. CRIMINAL LAW. *Obtaining goods by false pretense.* Where S had W's note for $150 and agreed with him if he would purchase land of N, he would credit his note for that amount, and W purchased the land at $130, but represented to S that N had raised the price to $150, and S agreed to take it at that price if W could not get it for less. N conveyed the land as S directed and S gave up the note to W. *Held,* though a gross fraud, not a false pretense in the legal sense.

2. SAME. *Indictment. Variance.* Where the indictment alleged the note was executed by W to S, and the evidence showed it was executed to S's daughter, and by her assigned to S. *Held,* this was a fatal variance.

3. SAME. *Same. Evidence.* In such case it is not necessary to object to the evidence, as it was a case where the averments in the indictment were not sustained.

---

FROM CLAIBORNE.

---

Appeal in error from the Circuit Court of Claiborne county. J. G. ROSE, J.

J. L. ROGERS and W. S. CARR for Wallace.

ATTORNEY-GENERAL Lea for the State.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff in error was convicted of obtaining goods by false pretense, and sentenced to three years confinement in the penitentiary. A new trial was refused and he has appealed in error to this court.

The false pretense charged in the indictment consisted in unlawfully, fraudulently and feloniously obtain-

ing a certain promissory note, the property of Esquire Sullivan, which note was executed and owed by said Wallace to said Sullivan.   Sullivan requested Wallace to buy for him (Sullivan) a certain tract of land from one Woodson Noe, and agreed to take the land at such price as Noe would sell the same at to said Wallace, in satisfaction *pro tanto* of Wallace's note of $150 to said Sullivan.   Wallace bought the land of Noe, at $130, and represented to Sullivan that he had given Noe $150 for the land, whereupon Sullivan surrendered to Wallace his note of $150 and had a deed made for the land to his daughter.

The above are substantially the facts stated in more formal language in the indictment.   The facts proved on the trial are, that Sullivan had Wallace's note for $150, and Sullivan agreed with him if he would purchase the land of Noe for $130 he would credit his note with that amount.   Wallace did purchase the land at $130, but represented to Sullivan that he had paid $150 for it, and Sullivan agreed to take it at that price.   Wallace agreed beforehand to let him have the land at the price which he paid for it. Wallace told him Noe had raised his price to $150. Sullivan agreed to give that, but told Wallace to get it for as much less as he could.

Wallace deceived Sullivan as to the price he paid for the land, and made false representations to him in respect to his purchase.

The land was conveyed by Noe to Sullivan's daughter at his request, and he surrendered the note of $150 to Wallace.   It was a fraud and falsehood for Wal-

lace to represent he had paid $150 for the land, but it is not every fraud and falsehood that constitute a false pretense in its legal signification. Sullivan knew the land as well as Wallace did, and agreed to give $150 for it, and authorized Wallace to give that sum if he could not get it for less. He got the title to the land for which he contracted, and paid only the price he agreed to pay. He was deceived only as to the price Wallace had given for the property, but not as to the ownership, the title or the value of it. It was not, therefore, a false pretense in its legal sense.

This view disposes of the case, and it is scarcely necessary to add the judgment would also have to be reversed, because of the variance in the description of the note, the subject of the alleged false and fraudulent pretense, and the evidence upon this point.

It is alleged in the indictment, that the note procured by Wallace by the false pretense, was *executed* by him to Esquire Sullivan, while the evidence shows it was *executed* to his daughter, Jane, and by her assigned to her father. It is essential that the description of the note should be proved as averred in the indictment. It is the property which it is alleged was obtained by false pretenses. In the analagous case of larceny, the property stolen must be proved as laid in the indictment: 1 Greenl. Ev., sec. 65. See also W. on Crim. Law, sec. 886.

It is not necessary to object to the evidence. It is a case of failure to sustain by evidence the averments of the indictments, which must be proved.

Let the judgment be reversed.